UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONOVAN MARZELL MARTIN,

        Petitioner,                       CASE NO. 16-11096

v.

                                                PAUL D. BORMAN

CARMEN D. PALMER,                UNITED STATES DISTRICT JUDGE

        Respondent.

_____/

**ORDER**
**(1) DENYING PETITIONER'S MOTION TO HOLD**
**HIS HABEAS PETITION IN ABEYANCE (ECF No. 2),**
**(2) DIRECTING THE CLERK TO SERVE THE PETITION ON THE STATE,**
**AND (3) DIRECTING THE STATE TO FILE A RESPONSE TO THE PETITION**

**I. Background**

This matter has come before the Court on petitioner Donovan Marzell Martin's *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's state convictions for two counts of armed robbery, Mich. Comp. Laws § 750.529. The trial court sentenced Petitioner to two concurrent terms of 135 months to forty years in prison. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished decision, *see People v. Martin*, No. 315203 (Mich. Ct. App. July 29, 2014), and on March 31, 2015, the Michigan Supreme Court denied leave to appeal. *See People v. Martin*, 497 Mich. 982 (2015).

On March 24, 2016, Petitioner filed his habeas corpus petition, along with a motion to hold his habeas petition in abeyance. As grounds for relief, Petitioner asserts in his habeas petition that (1) the state prosecutor engaged in pervasive misconduct by

making unfounded assertions that a key witness had been intimidated and (2) the evidence at trial was insufficient to sustain Petitioner's convictions. In his motion to hold his habeas petition in abeyance, Petitioner alleges that the one-year statute of limitations is about to expire and that he wishes to return to state court to raise additional constitutional issues that were not raised on direct appeal.

## II. Discussion

The doctrine of exhaustion of state remedies requires state prisoners to "give the state courts an opportunity to act on [their] claims before [they] present[] those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Federal district courts ordinarily have authority to grant stays, and in appropriate cases, they may hold a habeas petition in abeyance while an inmate returns to state court to exhaust state remedies for previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005). After the inmate exhausts his state remedies, the district court can lift its stay and allow the inmate to proceed in federal court. *Id*. This stay-and-abeyance procedure, however, is appropriate only in "limited circumstances," *id*. at 277, such as when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id*. at 278.[1]

---

[1] *Rhines* involved a "mixed" petition of exhausted and unexhausted claims, whereas the habeas petition in this case raises only exhausted claims. The Court nevertheless finds the *Rhines* factors helpful in determining whether to hold Petitioner's case in abeyance.

Petitioner does not appear to be engaged in dilatory litigation tactics, but he has not identified any issues that he wants to present to the state trial court in a post-conviction motion. In fact, he alleges in his habeas petition that the purpose of his motion to hold his case in abeyance is to determine whether or not to pursue additional state court remedies. *See* Pet. for Writ of Habeas Corpus, at 4, ¶6. Petitioner also has not shown "cause" for his failure to pursue post-conviction remedies in state court before he filed his habeas petition. The Court therefore denies Petitioner's motion to hold his habeas petition in abeyance (ECF No. 2).

The Court orders the Clerk of the Court to mail a copy of the habeas petition and a copy of this order to Petitioner's warden and to the Michigan Attorney General.

The Court orders the State to file a responsive pleading and the relevant portions of the state-court record within six months of the date of this order. Petitioner shall have forty-five (45) days from the date of the responsive pleading to file a reply.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: June 10, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 10, 2016.

s/Deborah Tofil
Deborah Tofil
Case Manager (313)234-5122