# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DONOVAN MARZELL MARTIN,

    Petitioner,　　　　　　　　　　　CASE NO. 2:16-11096
　　　　　　　　　　　　　　　　　　　　HONORABLE PAUL D. BORMAN
v.　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

ERICK BALCARCEL,[1]

    Respondent.
_____/

## OPINION AND ORDER DENYING (1) THE PETITION FOR A WRIT OF HABEAS CORPUS, (2) A CERTIFICATE OF APPEALABILITY, AND (3) LEAVE TO APPEAL *IN FORMA PAUPERIS*

Donovan Marzell Martin, ("petitioner"), presently incarcerated at the St. Louis Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction of two counts of armed robbery, Mich. Comp. Laws § 750.529. The trial court sentenced petitioner to two concurrent terms of 135 months to 40 years in prison. For the reasons stated below, the application for a writ of habeas corpus is DENIED WITH PREJUDICE.

---

[1] The Court amends the caption to reflect the current warden of petitioner's incarceration.

1

## I. BACKGROUND

Petitioner was convicted of the above offenses following a jury trial in the Oakland County Circuit Court. He was tried together with codefendant Dwayne Clay Major, before a single jury. This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009).

> Defendants were tried together before a single jury. Michael Smith testified that, on July 18, 2012, at about 12:30 a.m., he was standing in the driveway of the home he shared with his grandmother, shooting dice with other people, when he saw a red car drive by slowly and recognized defendants in the car. Shortly thereafter, two masked men came around the side of the house. One of the men had a gun and said, "You already know what it is, don't nobody move." Smith recognized the voice of the gunman as defendant Martin. The other robber, who was unarmed, moved from person to person, emptying their pockets into his own. In the process, the unarmed robber's mask fell down and Smith recognized him as "Wack Wayne," with whom he had gone to school. Smith was later able to pick defendant Major out of a high school year book and establish his real name. Other witnesses at the scene of the robbery testified consistently with Smith but were unable to identify the robbers.

*People v. Martin*, No. 315203, 2014 WL 3747562, p. 1 (Mich. Ct. App. July 29, 2014).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 497 Mich. 982, 860 N.W.2d 630 (2015).

Petitioner seeks a writ of habeas corpus on the following grounds:

I.  A Writ of Habeas Corpus should be granted in this matter where the state prosecutor engaged in pervasive misconduct by repeatedly making unfounded assertions that a key witness had been intimidated, petitioner's state trial was so fundamentally infected with unfairness that the resulting conviction was a complete denial of due process of law.

II. A Writ of Habeas Corpus should be issued in this matter where petitioner was denied due process when he was convicted of two counts of armed robbery on the basis of legally insufficient evidence based upon unreliable voice identification testimony by witness Michael Smith.

## II. STANDARD OF REVIEW

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme

Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

"[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington,* 562 U.S. at 103. A habeas petitioner should be denied relief as long as it is within the "realm of possibility" that fairminded jurists could find the state court decision to be reasonable. *See Woods v. Etherton,* 136 S. Ct. 1149, 1152 (2016).

4

## III. DISCUSSION

### A. Claim # 1. The prosecutorial misconduct claim.

Petitioner alleges that the prosecutor committed misconduct in his closing argument by arguing that the victim, though afraid of what would happen to his family, testified consistently and unwaveringly that petitioner and his co-defendant were the people that committed the crimes. The prosecutor further indicated that the victim received threats, following the arrest of petitioner and his co-defendant. It is petitioner's contention that the state did not have any evidence to support the claim that threats were made to the victim or his family.

Respondent contends that petitioner's first claim is procedurally defaulted because the Michigan Court of Appeals rejected petitioner's claim on the ground that petitioner had failed to preserve it by objecting at trial.

The Michigan Court of Appeals reviewed petitioner's first claim for plain error, because petitioner failed to preserve the issue at the trial court level. *People v. Martin*, 2014 WL 3747562, p. 1.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a

"fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). If a petitioner fails to show cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986).

In the present case, the Michigan Court of Appeals rejected petitioner's first claim because he had failed to preserve his claim in the trial court by making a contemporaneous objection. Michigan law requires defendants in criminal cases to present their claims in the trial courts in order to preserve them for appellate review. *See People v. Carines,* 460 Mich. 750, 761-64; 597 N.W.2d 130 (1999); *People v. Grant,* 445 Mich. 535, 546 (1994). The fact that the Michigan Court of Appeals engaged in plain error review of petitioner's first claim does not constitute a waiver of the state procedural default. *See Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000). This Court should view the Michigan Court of Appeals' review of petitioner's prosecutorial misconduct claim for plain error as enforcement of the procedural default. *See Hinkle v. Randle,* 271 F.3d 239, 244

(6th Cir. 2001).

Moreover, the mere fact that the Michigan Court of Appeals addressed in the alternative the merits of petitioner's first claim does not alter this analysis. A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991). Petitioner's first claim is procedurally defaulted.

Petitioner has offered no reasons for his failure to preserve his first claim with the state courts. Because petitioner has not demonstrated any cause, it is unnecessary to reach the prejudice issue regarding his procedurally defaulted claim. *Smith*, 477 U.S. at 533.

Additionally, petitioner has not established that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *Schlup v. Delo,* 513 U.S. 298, 326-27 (1995). "To be credible, [a claim of actual innocence] requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence

-- that was not presented at trial." *Id.,* at 324. Petitioner's sufficiency of evidence claim (Claim # 2) is insufficient to invoke the actual innocence doctrine to the procedural default rule. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003). Because petitioner has not presented any new reliable evidence that he is innocent of this crime, a miscarriage of justice will not occur if the Court declined to review petitioner's procedurally defaulted claims on the merits. *See Mack v. Jones,* 540 F. Supp. 2d 840, 847 (E.D. Mich. 2008).

Finally, assuming that petitioner had established cause for his default, he would be unable to satisfy the prejudice prong of the exception to the procedural default rule, because his claim would not entitle him to relief. The cause and prejudice exception is conjunctive, requiring proof of both cause and prejudice. *See Matthews v. Ishee,* 486 F.3d 883, 891 (6th Cir. 2007). For the reasons stated by the Michigan Court of Appeals in rejecting petitioner's first claim and the Assistant Attorney General in his answer, petitioner has failed to show that his claim has any merit. The reasons justifying the denial of petitioner's first claim was "ably articulated by the" Michigan Court of Appeals, therefore, "the issuance of a full written opinion" by this Court regarding the merits of this claim "would be duplicative and serve no useful, jurisprudential purpose." *See Bason v. Yukins,* 328 F. App'x 323, 324 (6th Cir. 2009). Petitioner is not entitled to relief on his

8

first claim.

**B. Claim # 2. The sufficiency of the evidence claim.**

Petitioner alleges that there was insufficient evidence to identify him as the perpetrator of the offenses beyond a reasonable doubt.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970). But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 318-19 (internal citation and footnote omitted)(emphasis in the original).

A federal habeas court may not overturn a state court decision that rejects a sufficiency of the evidence claim merely because the federal court disagrees with

the state court's resolution of that claim. Instead, a federal court may grant habeas relief only if the state court decision was an objectively unreasonable application of the *Jackson* standard. *See Cavazos v. Smith,* 565 U.S. 1, 2 (2011). "Because rational people can sometimes disagree, the inevitable consequence of this settled law is that judges will sometimes encounter convictions that they believe to be mistaken, but that they must nonetheless uphold." *Id.* For a federal habeas court reviewing a state court conviction, "the only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012). A state court's determination that the evidence does not fall below that threshold is entitled to "considerable deference under [the] AEDPA." *Id.*

Petitioner claims that the prosecutor offered no evidence to prove, beyond a reasonable doubt, that petitioner was the perpetrator of the offenses.

Under Michigan law, "[T]he identity of a defendant as the perpetrator of the crimes charged is an element of the offense and must be proved beyond a reasonable doubt." *Byrd v. Tessmer*, 82 F. App'x 147, 150 (6th Cir. 2003)(citing *People v. Turrell*, 25 Mich. App. 646, 181 N.W.2d 655, 656 (1970)).

In the present case, the Michigan Court of Appeals found that the victim, Michael Smith, positively identified petitioner as the armed robber, finding

sufficient evidence to sustain his conviction as follows:

> "Vocal identification evidence is competent if the identifying witness demonstrates certainty . . . in the mind . . . by testimony that is positive and unequivocal." *People v Murphy (On Remand)*, 282 Mich App 571, 584; 766 NW2d 303 (2009). Smith testified that he had known Martin for four or five years. Smith saw defendant Martin regularly at the basketball courts and spoke to him a few weeks before the robbery when Martin confronted him about an unrelated disagreement. Smith testified that he was confident that he would recognize Martin's voice because of the confrontation a few weeks earlier. There was no question in Smith's mind that it was Martin who said, "You already know what it is, don't nobody move." Smith had also seen Martin with defendant Major shortly before the robbery, and identified Major as the unarmed robber after seeing his face. Smith had ample opportunity to hear and see the robber with the gun. We conclude that the totality of the circumstances, combined with Smith's certainty regarding his identification of Martin, supplied sufficient reliability of the voice identification. *Id*. Viewing the evidence in a light most favorable to the prosecution, there was sufficient evidence to support the identification of defendant Martin as the gunman.
>
> *People v. Martin,* 2014 WL 3747562, p. 2.

The Court notes that "the testimony of a single, uncorroborated prosecuting witness or other eyewitness is generally sufficient to support a conviction." *Brown v. Davis,* 752 F.2d 1142, 1144 (6th Cir. 1985)(internal citations omitted). Smith unequivocally identified petitioner at trial as one of the perpetrators based on his personal observations and recognition of petitioner's voice. This evidence was sufficient to support petitioner's convictions. *See e.g. Long v. Dutton*, 621 F. Supp. 1209, 1213 (M.D. Tenn. 1985)(evidence that victim was able to identify

defendant's voice as that of one of her assailants, and circumstantial evidence connecting defendant with crimes, was sufficient to support conviction).

Because the victim testified unequivocally that he recognized petitioner's voice due to prior encounters with petitioner, the evidence presented at trial was sufficient to establish petitioner's identity as the armed perpetrator of the robbery. The Michigan Court of Appeals did not unreasonably apply *Jackson v. Virginia* in rejecting petitioner's sufficiency of evidence claim. *See Moreland v. Bradshaw*, 699 F.3d 908, 919-21 (6th Cir. 2012). Petitioner's second claim is without merit.

The Court will deny the petition for a writ of habeas corpus. The Court will also deny a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id*. at 484. Likewise, when a

district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because reasonable jurists would not find this Court's assessment of petitioner's claims to be debatable or wrong. *Johnson v. Smith*, 219 F. Supp. 2d 871, 885 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous. *Allen v. Stovall*, 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. CONCLUSION

Accordingly, the Court DENIES WITH PREJUDICE the petition for a writ of habeas corpus. The Court further DENIES a certificate of appealability and

and leave to appeal *in forma pauperis*.

**SO ORDERED.**

                                              s/Paul D. Borman  
                                              PAUL D. BORMAN  
                                              UNITED STATES DISTRICT JUDGE

Dated: August 17, 2018

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 17, 2018.

                                              s/Deborah Tofil  
                                              Case Manager